CHARLES N. WHINSTON, Respondent, v. SILWHIN ENTERPRISES, INC., Appellant. — Order denying motion to dismiss the third cause of action set forth in the complaint affirmed, with ten dollars costs and disbursements. If it shall be established on the trial that the claim of the plaintiff belongs to the copartnership, a dismissal of the complaint must necessarily follow. It suffices on this appeal to say that that fact does not necessarily follow from a reading of the complaint. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.

BENJAMIN RAPHAEL, Respondent, v. JAMES KUTSUKIAN and ANNA KUTSUKIAN, Appellants.— Motion to resettle order granted and order resettled by striking therefrom the words " the law and " and by adding the following: Findings of fact 6, 7, 11, 12, 13, 14, 15, 17, 18, 20, 21, 22, 23, 24, 25 and 26 are unanimously reversed upon the ground that they are against the weight of the evidence. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

## THIRD DEPARTMENT, JUNE, 1929.

DOROTHY DINGMAN, Appellant, v. SARATOGA TAXI COMPANY, Respondent.

PER CURIAM. The plaintiff had a verdict on the trial which, upon motion of defendant's attorney, was set aside by the trial justice and the complaint dismissed on reserved motions. We think there was a question of fact to be submitted to the jury, but as the record indicates that the verdict was against the weight of the evidence and the trial justice seems to have so stated in considering the motion to set the verdict aside, before passing upon the reserved motions, we do not reinstate the verdict but grant a new trial. Van Kirk, P. J., Davis, Whitmyer, Hill and Hasbrouck, JJ., concur. Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.